In his closing argument, the prosecutor used the word "lie" (or derivations thereof) in each of the following statements to the jury:
 1. "[H]e knew that the result of that test would show him to be lying about his statement that he was [not] under the influence of alcohol."
 2. "[H]e knows that he was lying, he knows that he's guilty, and that he was doing everything he can to avoid being held accountable for his actions."
 3. "[T]hat lie is one of the most important pieces of evidence which establishes the Defendant's guilt."
4. "The lie `I did not have a drop to drink.'"
5. "He's lying right there."
6. "He's lied once."
 7. "Is there any doubt in anyone's mind here that he would lie
again to avoid being held accountable for this?"
 8. "[I]f you don't believe him, ladies and gentlemen, then you have to ask yourself, `Why would he lie?'"
9. "`[W]hy would he lie?'"
 10. "If you don't believe that, if that doesn't jive with your sense of common sense and logic, then ask yourself, ladies and gentleman, `Why is he lying?'"
11. "[H]e's lying to you because he's guilty."
12. "Innocent people don't lie."
 13. "Ladies and gentleman, you are the only ones that can hold the Defendant accountable for his actions, accountable for his lies, accountable for him getting behind the wheel again under the influence of alcohol."
 14. "So, if he's being consistent in his lies, is that an argument to be made to bolster his credibility?"
 15. "He's being dishonest and he's trying to skate on his fence."
16. "Ask yourself, why did he lie?"
17. "Why would he lie?"
18. "And finally, ladies and gentleman, why would he lie?"
 19. "If you do not believe the testimony, then ask yourself why would he lie?"
The prosecutor's conduct here is simply inexcusable. Although it is a prosecutor's duty to point out inconsistencies in a defendant's behavior or words, a prosecutor must not speak to his personal belief of the defendant's character. The fact that appellant's actions were characterized as "lies" on nineteen different occasions during closing argument surely affected the jury's deliberation of this case.
At appellant's first trial for this offense,[5] the prosecutor used more appropriate language when asking the jury to consider the veracity of appellant's statements and explanations. The prosecutor used the following phrases in his closing argument at the first trial: "What is the more likely explanation?" "Is it just bad luck?" "It is simply not logical," "Is that common sense?" and "That is silly." During that closing argument, the prosecutor stated that appellant had "lied" only three times. That trial resulted in a hung jury. During the closing argument of the second trial, the prosecutor found it necessary to accuse appellant of lying nineteen times and the jury returned a verdict of guilty.
"The test for prosecutorial misconduct is whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Smith (2000),87 Ohio St.3d 424, 442. In my opinion, this prosecutorial misconduct not only substantially prejudiced appellant but also denied him of a fair trial. Therefore, this misconduct rises to the level of plain error, and appellant is entitled to a new trial.
For these reasons, I respectfully dissent.
[5] The transcript for the first trial was made part of the record of this appeal.